Tajinderpal **SINGH**, Petitioner,

v.

Michael B. **MUKASEY**, Attorney General, Respondent.

No. 06–71606.

United States Court of Appeals, Ninth Circuit.

Submitted June 10, 2008.*

Filed June 17, 2008.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**640**

Christopher J. Stender, Stender & Pope, PC, San Diego, CA, for Petitioner.

Thomas Fatouros, OIL, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: REINHARDT, BERZON and M. SMITH, Circuit Judges.

MEMORANDUM **

Petitioner Tajinderpal Singh, also known as Jaspal Singh Garch, petitions this court for review of the Board of Immigration Appeals' ("BIA") February 28, 2006 decision denying his motion to reopen to apply for relief under the Convention Under Torture ("CAT").

We review the BIA's ruling on a motion to reopen for abuse of discretion. *Perez v. Mukasey,* 516 F.3d 770, 773 (9th Cir.2008).

The final order of removal was entered by the BIA on December 3, 1993. Petitioner had until June 21, 1999 to move for reopening in order to apply for CAT relief. *See* 8 C.F.R. § 1208.18(b)(2)(i). Because petitioner did not file his motion to reopen until September 13, 2004, more than five years after the deadline, the BIA did not abuse its discretion in denying petitioner's motion to reopen as untimely.

Accordingly, respondent's motion for summary disposition is granted because the questions raised by this petition for review are so insubstantial as not to require further argument.

All other pending motions are denied as moot. The temporary stay of removal shall continue in effect until issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.